IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAKARR BANGURA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ELWYN, INC., | : | No. 13-1418 |
| Defendant. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                         **January 29, 2014**

This case is a Title VII employment discrimination case brought by a *pro se* plaintiff, Mr. Bangura. Previously, the plaintiff had filed another complaint *pro se*, asserting the same facts under state law. I dismissed that complaint for lack of subject matter jurisdiction. The defendant again moves to dismiss this complaint. For the reasons stated below, I will grant the defendant's motion.

**I. BACKGROUND**

This dispute has a long, storied procedural history. The plantiff Bakarr Bangura is a former employee of the defendant Elwyn. He claims that he was fired based on national origin. On May 2, 2011, the plaintiff had filed a complaint in this court (Civ. A. No. 11-2793), alleging only a state claim under the Pennsylvania Human Relations Act (PHRA). Following an attempt to provide the plaintiff counsel, which he declined, I dismissed the case because the plaintiff had not exhausted his administrative remedies under the PHRA. The plaintiff appealed that decision; the Third Circuit vacated and remanded the decision to determine a basis for jurisdiction. See Bangura v. Elwyn, Inc., 461 Fed.Appx. 87 (3d Cir. Feb. 22, 2012)(per

curiam)(unpublished).[1]

After permitting the plaintiff to amend his complaint to include a basis for federal jurisdiction, I again dismissed his amended complaint because he failed to assert a basis for federal jurisdiction. See Bangura v. Elwyn, Inc., No. 11–2793, 2012 WL 2120568 (E.D.Pa. Jun. 12, 2012)(Stengel, J.). Because the plaintiff was *pro se*, I also touched on the merits of the plaintiff's claim as if it had been brought under Title VII in the memorandum. Id. at *1. I noted that the plaintiff filed his suit 188 days after he allegedly received his right to sue letter from the EEOC; therefore, his Title VII claim would still have failed as being time barred.[2] Id.

The plaintiff again appealed, and the Third Circuit affirmed the dismissal on October 3, 2012. See Bangura v. Elwyn, Inc., 500 Fed.Appx. 113, 115 (3d Cir. Oct. 3, 2012)(per curiam)(unpublished)("Pro se filings generally must be liberally construed, but we cannot fault the District Court for declining to give Bangura a third opportunity to assert a federal claim under these circumstances, particularly after he expressly declined the appointment of counsel.").

On February 12, 2013, the plaintiff filed the current complaint in Common Pleas Court in Delaware County, Pennsylvania. This complaint, however, was filed as a Title VII claim, not a PHRA claim. It asserts the same facts as were brought in the plaintiff's previous complaint which I dismissed.[3] The plaintiff's complaint states that he was suspended from work at

---

[1] The complaint did not allege diversity of citizenship between the parties with both being from Pennsylvania. See Civ. A. No. 11-2793, E.D.Pa., Doc. No. 3.

[2] The plaintiff allegedly received his EEOC right to sue letter on October 26, 2010; however, he did not file that suit until May 2, 2011—beyond the 90-day requirement under Title VII. See 42 U.S.C. § 2000e–5(f)(1) ("The Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge").

[3] The plaintiff claims he was unfairly fired after an incident that occurred on September 5, 2008 because he was an African immigrant. The plaintiff had been working as a Community Living Assistant at the defendant's Thornbury Program, which

Elwyn's Thornbury Program after an incident on September 5, 2008. He was then fired, which he believes was based on discrimination against him as an immigrant from West Africa. He filed a complaint with the EEOC on November 6, 2008. After filing a complaint with the EEOC, the plaintiff allegedly received his right to sue letter from the EEOC on October 26, 2010.[4]

On March 18, 2013, the defendant removed the case to this court. Subsequently, the defendant moved to dismiss the complaint as being barred by the statute of limitations. The plaintiff failed to respond to the defendant's motion, even after being directed by this court to do so.[5]

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the

---

services people with special needs. The plaintiff had been working the 11 p.m. to 9 a.m. shift. A dispute arose as to which staff members could or should assist in caring for a particular resident who had soiled himself. The plaintiff claims he helped clean up the client with another staff member though another employee should have done so. The plaintiff was then suspended and eventually fired on October 7, 2008 because of the incident. He claims he did nothing that violated the defendant's employment policies. See Compl., Doc. No. 1, Ex. A. Compare with Am. Compl. in 11-cv-2793, Doc. No. 22.

The dates related to when the plaintiff was actually fired and when he filed his EEOC complaint were not included in this complaint. However, given that the plaintiff asserts the exact same facts as he did in his initial complaint along with the same legal theory of employment discrimination, I will take judicial notice of these facts, as I am permitted to do pursuant to Federal Rule of Evidence 201, for the sake of judicial economy. See Smith v. Litton Loan Servicing, No. 04-2846, 2005 WL 289927, at * 5 (E.D. Pa. Feb. 4, 2005). Although this filing was not presented as an exhibit to the complaint in this matter, my taking judicial notice of it does not convert this 12(b)(6) motion to a motion for summary judgment. See Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 559-60 (3d Cir. 2002).

[4] As with the first complaint, this second complaint also does not have the plaintiff's EEOC right-to-sue letter attached to it. The complaint does not plead a date on which the plaintiff received this letter, in order to show he exhausted his administrative remedies. The defendant, however, offers the plaintiff's form complaint from his previous suit on which the plaintiff indicated that he received his right to sue letter from the EEOC on October 26, 2010. See Defendant's Motion to Dismiss, Doc. No. 4, Ex. A at 4. Given that the plaintiff asserts the exact same facts as he did in his initial complaint along with the same legal theory of employment discrimination, I will take judicial notice of this fact, as I am permitted to do pursuant to Federal Rule of Evidence 201, for the sake of judicial economy. See Smith, 2005 WL 289927, at * 5. Although this filing was not presented as an exhibit to the complaint in this matter, my taking judicial notice of it does not convert this 12(b)(6) motion to a motion for summary judgment. See Pryor, 288 F.3d at 559-60.

[5] See Doc. No. 5.

3

complaint.[6] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Service Center, 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

The defendant argues that the plaintiff's complaint must be dismissed because it is barred by the statute of limitations under Title VII.[7] Before a federal court can have jurisdiction to hear a Title VII case, a plaintiff must file a complaint with the Equal Employment Opportunity Commission (EEOC), which first reviews the merits of the plaintiff's complaint under Title VII.[8] If the plaintiff's claim has some merit, he will then receive a right to sue letter

---

[6] In deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Id.

[7] The defendant's motion is based solely on this argument. The defendant does not offer any argument on whether the complaint is also precluded based on res judicata or collateral estoppel. I previously analyzed the plaintiff's claim as if it had been brought under Title VII—construing the claim broadly since he was a *pro se* plaintiff—and found that his first complaint would fail under Title VII as being untimely. For this reason, this second complaint may also be precluded. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169 (3d Cir. 2009)(finding that, after the first complaint was dismissed as untimely, a second complaint alleging same facts of employment discrimination but brought under different theories of law was precluded).

[8] This form complaint allows aggrieved employees in Pennsylvania to file their complaint with both the EEOC and the Pennsylvania Human Relations Commission—the analogous state agency tasked with reviewing employment

from the EEOC. Title VII requires that a plaintiff file suit within ninety days of receiving the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1) ("The Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge").[9] The Third Circuit treats this requirement as a statute of limitations rather than a jurisdictional prerequisite to suit. See Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir. V.I. 1999).

The plaintiff allegedly received the right to sue letter from the EEOC on October 26, 2010. He then filed this suit on February 12, 2013. Therefore, the plaintiff filed this suit over two years after he received his right to sue letter, well beyond the 90-day deadline imposed by the EEOC. As a result, the plaintiff is barred from bringing his Title VII claim, and this court lacks jurisdiction to hear the merits of his case.[10]

## IV. CONCLUSION

For the reasons stated above, I will grant the defendant's motion and dismiss the plaintiff's complaint as untimely, with prejudice.[11]

---

discrimination complaints under the analogous state statute.

[9] See also Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009); Solano-Moreta v. First Transit of PR, Inc., 2013 WL 3336619, *2 (D.P.R. Jul. 2, 2013)(citing Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 142 (1st Cir.2012)).

[10] Even if I were to liberally construe the plaintiff's first complaint and the subsequent proceedings as a basis for tolling this limitations period, his complaint would still fail. As I noted in my original dismissal of his first complaint, he failed to timely file suit in that case as well, filing a complaint in federal court 188 days after receiving his right to sue letter. See Bangura v. Elwyn, Inc., No. 11–2793, 2012 WL 2120568, at *1 (E.D.Pa. Jun. 12, 2012)(Stengel, J.). The plaintiff has offered no other evidence that he was prevented from filing the suit sooner, thereby warranting equitable tolling. See also Seitzinger v. Reading Hosp. & Medical Center, 165 F.3d 236, 239-40 (3d Cir. 1999)(determining that the 90-day deadline, as a statute of limitations and not a jurisdictional requirement, may be subject to tolling if a plaintiff demonstrates the inequitable circumstances warrant it).

[11] See Ortiz v. Auto. Rentals, Inc., Civil No. 09–3002 (NLH)(AMD), 2010 WL 3502736, at *1 (D.N.J. Aug. 31, 2010) (finding that failure to comply with "the EEOC's 90-day filing deadline …. requires the dismissal of a complaint 'with prejudice'").

An appropriate Order follows.[12]

---

[12] The defendant has asked that it also be awarded costs and fees. This request is typically made after judgment is entered, by motion. See, e.g., Barnes Foundation v. Township of Lower Merion, 242 F.3d 151, 157 (3d Cir. 2001). Even if this request had been made by motion after this judgment had been entered, I still find no basis for granting it. The defendant offers no arguments as to why this award is warranted. I also find no basis for such an award given that the plaintiff proceeded *pro se* and it is not entirely clear that his claim would have been meritless—if it had been timely brought. See E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 751 (1997) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.")(quoting Christiansburg Garment Company v. EEOC, 434 U.S. 412, 421 (1978)). Accordingly, I will deny this request for costs and fees.